UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CAROL L. OLIWA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) **Case No.:** ) |
| UNITED RECOVERY SYSTEMS, | ) **COMPLAINT AND DEMAND FOR** ) **JURY TRIAL** |
| Defendant. | ) ) **(Unlawful Debt Collection Practices)** |

## COMPLAINT

CAROL L. OLIWA ("Plaintiff"), by and through her attorneys, ANGELA K. TROCCOLI, ESQUIRE AND KIMMEL & SILVERMAN, P.C., allege the following against UNITED RECOVERY SYSTEMS ("Defendant" or "URS"):

## INTRODUCTION

1.  Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.  Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Connecticut; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Ellington, Connecticut 06029.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a debt collection company with its headquarters located at 5800 North Course Drive, Houston, Texas, 77072.

8. Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, the telephone and/or internet.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and sought to collect a debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all relevant times, Defendant was attempting to collect an alleged consumer debt regarding a Target/Visa credit card.

12. The alleged debt, personal purchases made on the Target/Visa credit card, arose out of transactions, which were primarily for personal, family, or household purposes.

13. As Plaintiff has no business debt, the debt could only be personal in nature.

14. Beginning in June 2013, and continuing through August 23, 2013, Defendant continuously and repetitively contacted Plaintiff on her home, cellular and work telephones seeking to collect this alleged debt.

15. During the relevant period, Defendant called Plaintiff, on average, at least once a day.

16. Plaintiff received more than ten (10) collection calls a week from Defendant on her home and cellular telephones.

17. On multiple occasions, Plaintiff answered Defendant's calls and disputed owing the alleged debt, explaining that in January 2009, the balance on account had been transferred to a Navy Federal Credit Union credit account.

18. In fact, Plaintiff sent written correspondence to Defendant disputing the debt, providing proof that the balance on the account had been transferred to a

Navy Federal Credit Union account, and demanding verification of the debt, particularly for any charges on the account after January 2009.

19. Defendant, however, failed to update its records to stop the calls to Plaintiff.

20. Further, upon information and belief, Defendant did not investigate Plaintiff's dispute of the debt, including contacting the creditor regarding Plaintiff's documentation showing a balance transfer in January 2009.

21. Also, Defendant did not send validation of the alleged debt to Plaintiff.

22. Rather, Defendant persisted in its efforts to collect the disputed debt, including reporting the debt to the credit bureaus.

23. Upon information and belief, at the time Defendant reported the debt to the credit reporting bureaus, and at no time thereafter, did Defendant notify the credit reporting bureaus that this was a disputed debt.

24. Further, when contacting Plaintiff, Defendant would call her at times and places where it was inconvenient for her to receive collection calls, specifically Defendant would call Plaintiff on her work & cellular telephone while she was at work.

25. Plaintiff's employer prohibits its employees from receiving personal calls at work.

26. On more than one occasion, Plaintiff informed Defendant that she was not allowed to receive personal calls at work; however, Defendant failed to update its records to stop the calls to Plaintiff's cellular telephone during her work hours.

27. Instead, Defendant persisted in calling Plaintiff on her cellular telephone while she was at work, causing Plaintiff to be reprimanded for the personal calls by her employer.

28. Further, Plaintiff has answered Defendant's calls and hung up, signaling to Defendant that its calls were unwanted, only to be immediately called back by Defendant.

29. In addition, in its conversations with Plaintiff, Defendant falsely claimed that Plaintiff was "liable for this debt" and that it would "attach [her] wages" and take "money out of [her] checking account" to satisfy the debt.

30. Upon information and belief, at the time Defendant threatened to attach Plaintiff's wages and take money out of her checking account, it did not intend to take the action threatened and legally could not take the threatened action, as Plaintiff did not owe a debt.

31. Lastly, in its attempts to collect a debt, Defendant called two of Plaintiff's neighbors and requested that they ask Plaintiff to contact them

(Defendant), providing a contact number and disclosing that they were calling to collect a debt.

32. At no time did Plaintiff give consent to Defendant to disclose debt information to third parties, including her neighbors.

33. It was embarrassing to Plaintiff to have her neighbors be informed that she owed a debt, as she does not know these neighbors and she disputes owing any debt.

34. Defendant took the unconscionable actions described above with the intent to harass and deceive Plaintiff into paying the alleged debt.

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

## COUNT I

35. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692c(a)(1), 1692c(a)(3), and 1692c(b).

    a. A debt collector violates §1692c(a)(1) of the FDCPA by communicating with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient

      time for communicating with a consumer is after 8:00 a.m. and before 9:00 p.m., local time at the consumer's location.

  b.  A debt collector violates §1692c(a)(3) of the FDCPA by communicating with a consumer in connection with the collection of any debt at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

  c.  Section 1692c(b) of the FDCPA states that except as provided in section 1692b, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post-judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

  d.  Here, Defendant violated §§ 1692c(a)(1), 1692c(a)(3) and 1692c(b) of the FDCPA by disclosing debt information to

Plaintiff's neighbors, without Plaintiff's consent, and calling her while she was at work, despite knowing that she was not allowed to receive personal calls at work.

## COUNT II

36. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692d and 1692d(5).

    a.    Section 1692d of the FDCPA prohibits a debt collector from engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    b.    Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

    c.    Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA by continuously calling Plaintiff, at least once a day, on her home and cellular telephones, as well as calling her immediately back after she hung up on them, with the intent to annoy, abuse and harass Plaintiff, and when it engaged in other

harassing and oppressive conduct.

**COUNT III**

37. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(4), 1692e(8) and 1692e(10).

    a. A debt collector violates § 1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of any debt.

    b. A debt collector violates § 1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of any debt.

    c. A debt collector violates § 1692e(4) of the FDCPA by representing or implicating that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

    d. A debt collector violates § 1692e(8) of the FDCPA by threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is

       disputed.

    e.    Section 1692e(10) of the FDCPA prohibits debt collectors from using any false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

    f.    Here, Defendant violated §§ 1692e, 1692e(2)(A), 1692e(4), 1692e(8) and 1692e(10) of the FDCPA by falsely representing that Plaintiff owed a debt, when she did not; threatening to garnish her wages and bank account, when it did not intend to take the threatened actions and did not have the legal authority to take the threatened actions; and failing to communicate to the credit reporting bureaus that the debt was disputed.

## COUNT IV

38.    Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692f and 1692f(1).

    a.    Section 1692f prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect a debt.

    b.    A debt collector violates §1692f(1) of the FDCPA by collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such

        amount is expressly authorized by the agreement creating the debt or permitted by law.

    c.    Defendant violated §§ 1692f and 1692f(1) when it failed to investigate Plaintiff's dispute of the debt, when it failed to update its records to stop the calls to Plaintiff's cellular telephone while she was at work, and when it sought to collect an amount not permitted by the agreement.

## COUNT V

39. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692g(b).

    a.    A debt collector violates §1692g(b) of the FDCPA by failing to cease collection of the debt, where the consumer notifies it in writing within the 30-day period that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, until it obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and such information is mailed to the consumer.

    b.    Here, Defendant violated § 1692g(b) of the FDCPA by failing to cease collection of the debt after it received a written request

for verification from Plaintiff and not providing verification of the debt to Plaintiff.

WHEREFORE, Plaintiff, CAROL L. OLIWA, respectfully prays for a judgment as follows:

    a.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);'

    b.    All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CAROL L. OLIWA, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

CAROL L. OLIWA,
By her Attorney,

*/s/ Angela K. Troccoli*

_____
Angela K. Troccoli, Esquire, Id# ct28597
Kimmel & Silverman, PC
*The New England Office*
136 Main Street, Suite 301
Danielson, CT 06239
(860) 866-4380- direct dial
(860) 263-0919- facsimile
atroccoli@creditlaw.com

Dated: May 14, 2014